CHICAGO—FIRST DISTRICT—MARCH, 1914.     237

The Parker-Washington Co. v. City of Chicago, 185 Ill. App. 237.

# The Parker-Washington Company, Appellant, v. City of Chicago, Appellee.

## Gen. No. 18,868.     (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914. Rehearing denied March 17, 1914. *Certiorari* granted by Supreme Court.

## Statement of the Case.

Action by The Parker-Washington Company against City of Chicago to recover certain balances claimed to be due on two contracts. One contract provided for the construction by plaintiff of pump pit, suction well and foundations for an engine house and the other provided for the construction of a boiler room, auxiliary buildings and chimneys. The City on paying for the work claimed the right under a provision in both contracts to deduct, and did deduct, as liquidated damages the sum of fifty dollars for each day's delay in completing the work. The sum sued for is the amounts thus retained as liquidated damages. From a judgment in favor of plaintiff for the balance claimed to be due under the engine room contract and in favor of defendant on the boiler room contract, plaintiff appeals.

OLSEN & BOORD, for appellant; CLARENCE N. BOORD, of counsel.

WILLIAM H. SEXTON, for appellee; GEORGE L. REKER and MAX L. KORSHAK, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 88*—*rule in determining whether provision is for liquidated damages or a penalty.* Whether a provision in a contract shall be construed as a provision for liquidated damages or a penalty, the primary and most essential principle of construction is to ascertain the meaning and intent of the parties by reference to the contract itself, the subject-matter thereof and the circumstances under which it was made, the fact that the parties used the words "liquidated damages" in their agreement does not always determine the question.

2. DAMAGES, § 88*—*when stipulation for damages in contract with City is for liquidated damages.* Where a contract is made with a municipality for the construction of a public improvement, and the parties stipulate that a failure to complete the contract within the time fixed will work an injury to the municipality, that the damages to the municipality or the inhabitants thereof for such failure cannot be calculated with any degree of certainty, and that for such failure the municipality may deduct and retain from the contract price, as liquidated damages, a not unconscionable sum for each day the contract remains incompleted beyond the day fixed, *held* that the stipulation is for liquidated damages.

3. MUNICIPAL CORPORATIONS, § 412*—*when finding that City contributed to delay in performance of work sustained by the evidence.* In an action against a City for a sum retained by it as liquidated damages for delay in the performance of work done under a contract between the plaintiff and the City for an improvement, a finding by the trial court that the City contributed to the delay in the completion of the work to such an extent as not to warrant any deduction by the City from the contract price, *held* not against the weight of the evidence.

4. MUNICIPAL CORPORATIONS, § 412*—*admissibility of evidence.* In an action against a City to recover a sum which the City retained as liquidated damages for delay in the performance of work under a contract for an improvement between the plaintiff and the City, evidence that the municipality or its inhabitants thereof as a matter of fact suffered little or no damage because the contract was not actually completed within the time fixed is not properly admissible.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.